case number 20-5139 et al. Jihad Ibn Barnes, Appellant v. Federal Bureau of Investigation. Mr. Miller for the appellant, Ms. Valdivia for the appellate. Good morning, counsel. Mr. Miller, please proceed when you're ready. Thank you. Good morning, your honors, and may it please the court. Evan Miller for the appellant, Mr. Barnes. Barnes's FOIA waiver is unenforceable because the government failed to satisfy its burden under Price. Price requires the government to show how the waiver's service to a criminal justice interest outweighs the public policy harms that would result from restricting one's access to information. The government's identified interests in this case are either already protected by FOIA exemptions or are not sufficiently connected to the enforcement of the waiver to satisfy Price. The government's interests also do not outweigh the significant public policy harms that would result from restricting Barnes's access to information that may reveal government misconduct. In any event, even if Barnes's waiver is enforceable, it is limited in scope by its plain language to his underlying criminal case. Why should this issue be determined by this court, by the District of Columbia Circuit Court? He pled guilty in Virginia, and it seems to me that the validity of his plea agreement would be determined by the Fourth Circuit law, not our law. So why shouldn't we rely on the Lucas case in the Fourth Circuit, which upheld a waiver of FOIA rather than Price? Well, Your Honor, the validity of Mr. Barnes's waiver is really not an issue in a price analysis. We wouldn't even be conducting a price analysis if the plea agreement itself was not validly entered. And the price majority in this court dispense with the idea that all waivers in a plea agreement are enforceable if the plea agreement itself is valid, because that opens the door for the waivers of rights that are not linked to any sort of prosecutorial interest. That's another question. My question really goes to whether the waiver of FOIA is upheld or not upheld depends upon the waiver's validity in the plea agreement. And so my question is, shouldn't the validity of the plea agreement be determined by Fourth Circuit law, not D.C. Circuit, since he pled guilty in the Fourth Circuit? Well, Your Honor, I think the validity of Mr. Barnes's waiver, I think, has previously been litigated in another court. But respectfully, the validity of the waiver does not preclude a argument that the waiver, the validity of the plea agreement does not preclude an argument the waiver itself is invalid. In Price, the court made very clear that they were not concerned with the validity of the waiver, but whether the waiver itself violates public policy. And by validity, I mean, you know, whether it was knowingly and voluntarily entered. So in this case, we wouldn't get to an enforceability argument under Price if the waiver was invalid. It would be, you know, unenforceable for different reasons at that point. But you're attacking the plea bargain, right? You're saying part of the plea bargain is not enforceable. We are saying, yes, Your Honor, we're saying a waiver of rights in a plea agreement is unenforceable, but the plea agreement itself, we're not, we're not. Why shouldn't you have to go back to the sentencing court to do that rather than start in DDC? Well, Your Honor, the FOIA request was made, or the FOIA suit was brought in the DDC against the FBI. And so the summary judgment motion, which the court ruled on, on the basis of the enforceability of the waiver is an issue before this court. And so that was the posture for appeal to this court. And why isn't he collaterally stopped? I mean, he litigated the voluntariness, intelligence, et cetera, of the plea bargain in the trial court, as Judge Casas has just pointed out. And if he had a problem with any other portion of the plea, like the FOIA, why wasn't he obligated to raise that before the sentencing court? Again, Your Honor, the validity of the plea agreement itself really has no bearing on a price analysis. So there's no collateral stop or any sort of foreclosure of his arguments here. Here, we're arguing that the FOIA waiver itself in the plea agreement, albeit validly entered, essentially, you know, violates public policy and should be unenforceable on that grounds as the court, on those grounds as the court set out in price. Let me ask you one other question, because you raised it. And that is that everything in the plea agreement, anything waived, has to have some kind of criminal justice purpose to it. Suppose the plea agreement said, and this is a matter of state law, said that upon entering your plea of guilty, you realize you're going to lose your voting rights. Is that invalid because it doesn't have a criminal justice purpose? Well, Your Honor, I think that that waiver of, or that the consequence of being charged and convicted of a felony, and then losing your rights is under law, as opposed to you making a decision to sign a plea agreement that waives otherwise granted statutory rights. So that's a little bit different hypothetical. Whereas here, there is a, you know, the government has a considerable amount of leverage when entering into a plea agreement with a criminal defendant. The defendant is obviously, you know, concerned about the consequences of being charged with a crime and losing. That sounds like you're now going back to the question whether the plea was voluntary. Let's say you just got finished telling us it doesn't matter. Correct, Your Honor, it doesn't matter. I was just explaining the position that the government is in, and the leverage they have, which is why the Price Court was concerned about doing a public policy, you know, balancing test, essentially, weighing the interests that the government is allegedly trying to achieve against the public policy harms that result from enforcement. And the reason why they were doing that analysis is because of the position that the government is in in plea bargaining. And that's a little bit of a different situation where your hypothetical is, you know, losing a right that taken away from you under under a different, you know, under an existing law. So the broader context here, which I think is important, is that Congress already struck the balance between these interests. The government basically relies on a criminal justice interest of protecting confidential sources, and then later also national security. But Congress already basically implemented FOIA exemptions that achieve those interests. So by enforcing Mr. Barnes's labor, the government isn't actually forwarding these interests beyond what is already achieved under FOIA exemptions. And so here we have this public policy harm where Mr. Barnes is trying to get information that may corroborate his suspicions that the FBI targeted him on the basis of his religion. And the significance of that information and the public interest in that information is such that it cannot be outweighed by the government's arguments that they are furthering this, these interests, because they're really not in any meaningful way, they're not achieving them beyond what they can already achieve under FOIA exemptions that allow them to withhold information that discloses the identity of confidential sources and that implicate national security concerns. So seeing that I've already reached my rebuttal time, unless the court has any additional questions, I will reserve the rest of my time for rebuttal. Okay, thank you, Mr. Miller. Ms. Valdivia, we'll hear from you now. Morning, may it please the court. My name is Diana Valdivia, and I represent the FBI in this matter. This case presents this court with its first opportunity to apply the standard that it adopted in the Price case in 2017. Four years later, the court now has the opportunity to give the district courts some guidance on what is a legitimate criminal justice interest that supports the enforcement of a FOIA waiver in a plea agreement. Here, the government has articulated three criminal justice interests, each of which were furthered by the enforcement of the FOIA waiver in this case. Any one of those would be enough for the district court to have enforced the FOIA waiver, and certainly in combination, the three outweigh any speculative public policy harms that Mr. Barnes has pointed to that could possibly be harmed by the enforcement of the waiver. The first of those, the protection of third-party individuals, including confidential informant who could be targeted or harmed by Mr. Barnes, is the ground on which the district court upheld and enforced the FOIA waiver. However, this court is involved in a de novo review when a grant of summary judgment in a FOIA case is in question, and so this court can and should address the other two legitimate criminal justice interests that were raised by the government in this case, namely the protection of national security practices. Are you saying that you need those other two interests? No, Your Honor, we don't need the other two. However, the government did articulate three. The government believes that all three, alone or in combination, could support and do support enforcement of the FOIA waiver, and because it has been four years since this court issued the price decision in 2017 and the district courts have been grappling with exactly how to apply that, it could serve as useful information for the courts to have the insights of the circuit on whether those additionally articulated legitimate criminal justice interests can and should uphold the enforcement of the waiver. Can I just ask a question about the first one, which is the only one that the district court reached, and the one that you understandably say is enough. In the government summary judgment motion, the government invoked the waiver, obviously, and then cited several exemptions that apply as well. I take it in the event that the waiver wasn't alone enough, then there's some exemptions that explain why documents weren't turned over. But one of the exemptions that wasn't cited was 7D. Your Honor, the exemptions that were cited in the government summary judgment motion, those were being argued in connection with the documents that were produced by the FBI in this case. So the FBI attempted to enforce the FOIA waiver as to Mr. Barnes's criminal investigative file. However, they also had documents that they viewed as falling outside of the scope of the those were cited in a footnote in the government's brief in this matter. They were summaries of phone calls that Mr. Barnes made in 2014. So after his conviction from the Bureau of Prisons facility, those were BOP records. There was also an OIG report Mr. Barnes had attempted to launch an investigation of his investigators through filing a complaint with OIG. So those documents were produced. And so the government in summary judgment was seeking to defend its assertion of FOIA exemptions in connection with those documents. So 7D didn't come into play there because those documents didn't relate to the confidential informant. They related to, I believe the exemptions were privacy related exemptions for the other individuals whose names were mentioned in the phone call records between Mr. Barnes and somebody else that were released. So because those documents fell outside of the scope of the waiver, they were not part of the criminal investigative file that led to Mr. Barnes's plea and conviction. Is there anything that he would have gotten had he not waived or agreed to the FOIA waiver in his plea? Is there anything? So your honor, I can't answer that question because when the FBI determined that the waiver applied to the criminal investigative file, the FBI stopped at that point and then did not go forward and process the records. So I can't say the FBI has not done the analysis to determine whether, but presumably there may be documents in the FBI's criminal investigative file that a particular exemption does not apply to. But that analysis has not been done because the waiver was invoked. If he has the waiver, then I take it your position is that the FBI doesn't have to do redactions of documents, right? To the documents that fell within the scope of the waiver. That's correct, your honor. But the FBI did redact the 16 pages of documents that it produced to Mr. Barnes in this scope. It processed those applied redactions and produced those documents to Mr. Barnes, which was appropriate. It also conducted a search for another aspect. Mr. Barnes requested not only records about himself, but also records about terrorist allegations or an investigation of terrorism against a mosque on 18th street. The FBI also conducted, it viewed that as outside the scope of his waiver since the waiver pertained to his own criminal investigation and prosecution. The FBI conducted a search for records of a terrorism investigation or allegations against that mosque and responded to Mr. Barnes, that aspect of Mr. Barnes's request. So it only invoked the waiver with respect to his criminal investigative file and that criminal investigative file related to the whole investigation, which started as a terrorism investigation. One month after being introduced to the confidential informant who was working with the FBI in connection with the counter-terrorism investigation, Mr. Barnes, as he admitted in connection with his guilty plea. So anybody, the only person in the United States who could not get the whatever material, assuming there is any, that is not protected by an exemption, the only person in the United States who can't get that is Mr. Barnes. Every other citizen or non-citizen for that matter is entitled to get that, but Mr. Barnes isn't. Every other FOIA requester, anyone who submitted a FOIA request would be entitled to the information that FOIA allows, any information that is not exempt or excluded under FOIA. Mr. Barnes is the only individual who contracted that right away through his plea agreement. The Price Court analogized this to a library and said, you know, there's a difference between removing books from a library, which is what a FOIA exemption essentially does. It takes it out of the public realm, but Mr. Barnes would be allowed to- And your main argument, as far as the evidence is concerned, is that you're protecting a confidential source, right? So the protection of a confidential informant and other third parties, including that confidential informant's family, who were also targeted by Mr. Barnes in this matter- But according to your factual recital, he already knows the identity of the confidential source. I have two responses to that question, Your Honor. The first one, which I can say on the that individual's identity, which is not disputed, that the government has acknowledged that he knows that individual's identity, does not mean that he has that individual's location, the location of that individual's family members, who he has also attempted to target. So there's other information, identifying information, about that confidential informant that Mr. Barnes does not have. All you have to do is get on the locate an individual for you, and if you don't want to pay them, then all you do is you go to the tax records for the state to find the address. And, Your Honor, the facts demonstrate that that was what Mr. Barnes was attempting to do, although did not succeed, thankfully, in doing, in connection with his criminal case. However, the legitimacy of the government bargaining to keep that confidential information is not something that the government can do, and so I would also like to point the court to the two ex parte classified declarations that the government has submitted in this matter, which can't be discussed in this forum, but those are associated with docket numbers 18 and 59 in the district court docket. The docket number 18 is from 2017, and docket number 59 is 2019, and also in response to your question, I would refer the court to those classified submissions. Mr. Miller referenced that Congress is the one that has struck the balance here, and I would just like to respond by saying that Congress struck the balance for individuals of the public who would like to submit a FOIA request who have not bargained that right away, contracted that right away through a plea agreement, unlike Mr. Barnes, who, as the court has pointed out, knowingly and willfully bargained that right away in his plea agreement. I see that my time has expired, so unless there are any other questions, we would ask the court to affirm the district court. Thank you, Ms. Valdivia. Mr. Miller, we'll give you two minutes for your rebuttal. Thank you, Your Honor. A couple points I want to address. During the questions of the government's attorney, one topic came up that other individuals can get this material, but what's an important point here and an important point that the court raised in Price is that the waivers of FOIA are often in the best position to obtain information that may reveal government misconduct because the public at large may not know about the case or be otherwise aware of what's happening. The important point here is protecting those individuals' right to request information that could, in this case, corroborate Mr. Barnes's suspicions that the FBI is profiling him on the basis of his religion. There's no guarantee. There's no way of guaranteeing that, number one, that's his purpose, and number two, that if he gets the information, he's going to use it in that manner. He's entitled. He's either entitled to the documents or he's not entitled, and if he is entitled, he can throw them in the trash can and not even look at them, so there's no way that once he gets the documents that a court is going to enforce his use of them. That's correct, Your Honor, but the larger point here is that there is a public interest in obtaining that information. He made that purpose very clear in his complaint, and on the flip side of this, we have to weigh this against the harm that the government is presenting. In this case, the government has not shown that the speculative risk to confidential informants that go beyond the exemption is furthered in any meaningful way by the enforcement of the waiver, and our point about Congress already striking this balance is that this court is instructed by Price to weigh the competing interests. Congress has already determined that the government can withhold a large swath of information that could disclose the identity of a confidential source or implicate national security concerns and is able to withhold that material, but the FOIA allows people to still request and obtain that information. Seeing my time has expired, I would respectfully urge this court to reverse the lower court decision or alternatively, as we point out in our brief, interpret the waiver narrowly to limit the scope of that waiver to a felon in possession case and not extending to the terrorism investigation. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Katsas, Randolph